UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KELLIE DUNCAN, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) No. 2:23-CV-30 PLC |
| SECOND JUDICIAL CIRCUIT OF THE STATE OF MISSOURI d/b/a BRUCE NORMILE JUVENILE JUSTICE CENTER, | ) ) ) ) ) ) |
|     Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Second Judicial Circuit of the State of Missouri d/b/a Bruce Normile Juvenile Justice Center's Motion to Dismiss Plaintiff Kellie Duncan's Petition for Damages (hereinafter "Complaint") under Federal Rule of Civil Procedure 12(b)(6). [ECF No. 8] Plaintiff opposes the motion. [ECF No. 10] For the following reasons, the Court denies Defendant's Motion to Dismiss.

**I.     Factual and Procedural Background**

In her Complaint, filed May 24, 2023, Plaintiff alleged Defendant discriminated against her on the basis of disability in violation of the Americans with Disabilities Act ("ADA") (Count I), and retaliated against her in violation of the same (Count II). [ECF No. 1] Plaintiff based her claims on the following alleged facts: While employed by Defendant, Plaintiff required medical treatment for a torn ACL, a physical disability that she claims affected one or more major life activities, including but not limited to walking. [Compl., ¶¶ 21-22] Plaintiff required reasonable accommodations from Defendant due to her difficulty walking both before and after the surgery, and her temporary use of a walker post-surgery. [*Id.,* ¶¶ 24, 27] Defendant made reasonable accommodations prior to Plaintiff's surgery. [*Id.,* ¶ 24] When Plaintiff requested reasonable

1

accommodations after surgery, however, Defendant allegedly refused to engage in the ADA's interactive process, and instead terminated Plaintiff's employment due to the "high risk" posed by her "mobility issues."[1] [*Id.,* ¶¶ 27-36] After her termination Plaintiff timely filed an EEOC Charge of Discrimination against Defendant, which resulted in the EEOC issuing a Notice of Right to Sue. [*Id.,* ¶¶ 14-16] Plaintiff then brought this case, alleging her termination was not for any legitimate reason, but rather constituted discrimination motivated by her disability and/or Defendant's perception of her disability (Count I), and retaliation for Plaintiff's engaging in ADA-protected activity, *i.e.,* requesting accommodations for her disability (Count II). [*Id.,* ¶¶ 42-71]

Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, arguing that Plaintiff has failed to plead a valid disability under the ADA. [ECF No. 8] Specifically, Defendant asserts (1) that Plaintiff is unable to show her knee injury substantially limits one or more major life activities, as interpreted by *Gretillat v. Care Initiatives*, 481 F.3d 649 (8th Cir. 2007); and (2) that Plaintiff's trouble walking was only a temporary condition, and therefore not a disability under the ADA. [ECF No. 9]

In response, Plaintiff argues she sufficiently pleaded a disability as defined by the ADA. [ECF No. 10] She states she has alleged an ongoing disability that substantially limits a major life activity, not a temporary condition as Defendant posited. Plaintiff further maintains she has properly asserted a claim that Defendant terminated her employment because it perceived she was disabled. Between these contentions and her allegations regarding Defendant's conduct after her request for accommodations, Plaintiff argues she properly pleaded her claims for disability discrimination and retaliation under the ADA.

---

[1] According to Plaintiff, Defendant terminated her employment "because it believed and/or perceived that she would need to use a walker for the 'foreseeable future,' which was not true." [Compl., ¶ 30]

2

**II.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion to dismiss, the reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor. *Id.* at 679.

**III.    Discussion**

Defendant argues that the Court should dismiss Plaintiff's disability discrimination claim because she is unable to show her knee injury substantially limits one or more major life activities, and because the temporary nature of the condition precludes its qualification as a disability under the ADA. [ECF No. 9][2] Plaintiff counters that she pleaded sufficient facts to state a claim under the ADA, including an ongoing disability that substantially limits her abilities to walk and stand. [ECF No. 10]

To state a claim for disability discrimination under the ADA, an employee must demonstrate that she "(1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability." *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013) (citation omitted). The ADA, as amended by the

---

[2] Defendant makes no argument with respect to Plaintiff's claim that Defendant discriminated against her based on its perception that she suffered from a disability.

3

Americans with Disabilities Amendments Act of 2008 ("ADAAA"), defines a disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1). *See also* 29 C.F.R. § 1630.2(g). Pursuant to the ADAAA, courts must construe disability "in favor of broad coverage of individuals … to the maximum extent permitted" by the law. 42 U.S.C. § 12102(4)(A); *see also Tramp v. Associated Underwriters, Inc.,* 768 F.3d 793, 804 (8th Cir. 2014).

In Count I of her Complaint, Plaintiff alleged that Defendant violated the ADA by failing to provide her with reasonable accommodations for her disability, failing to engage in the interactive process to do so, and terminating her employment because of her disability and/or Defendant's perception thereof. [Compl., ¶¶ 42-58] With respect to her disability, Plaintiff alleged that her torn ACL "was a physical or mental condition that affected one or more major life activities, including but not limited to walking" [*Id.*, ¶¶ 21-22]; that after surgery, she temporarily required a walker to assist with ambulation [Id., ¶ 27]; and that she "still suffers from occasional pain related to her disability" [*Id.*, ¶ 25]. She alleged that Defendant was aware of her condition [*Id.* ¶ 26]. Finally, Plaintiff asserted that when she was refused accommodations and terminated, Defendant made the following admissions: that it viewed Plaintiff as "high risk" because of her disability; that it "terminated Plaintiff's employment because she required the use of a walker after surgery for her disability"; and that it "terminated her because of its perception of her 'mobility' issues from needing assistance of a walker." [*Id.*, ¶¶ 34-36] The Court finds that Plaintiff alleged sufficient facts to allow the Court reasonably to infer that Plaintiff had a substantial impairment and/or was perceived to have such an impairment by Defendant, and was therefore disabled within the meaning of the ADA.

4

In support of its position that Plaintiff's condition did not substantially limit one or more major life activities, Defendant cites *Gretillat*, 481 F.3d 649. In that case, the Eighth Circuit found the plaintiff's knee condition, while a physical impairment, did not substantially impact her major life activities enough to qualify as a valid disability. *Id*. at 652-655. In other words, while the plaintiff's knee injury allegedly substantially limited activities such as crawling, kneeling, crouching and squatting, the Court held those activities were less severe, whereas "[w]alking and standing are major life activities." *Id.* at 653-654.

Plaintiff responds that her case is distinguishable from *Gretillat*, because Plaintiff has restrictions on her ability to walk and stand. [ECF No. 10 at *5] Plaintiff is correct that the Court in *Gretillat* identified walking and standing as major life activities under the ADA, and further noted the ADA's definition of major life activities specifically includes walking. *Gretillat*, 481 F.3d at 652 (citing 29 C.F.R. § 1630.2(i) (2006)). Accepting Plaintiff's allegations as true, Plaintiff's restricted ability to walk is an impairment that substantially limits a major life activity, and therefore a disability under the ADA.

Defendant also maintains the temporary nature of Plaintiff's knee injury precludes its classification as a disability. In support of this contention, Defendant cites to cases from other circuits holding various impairments did not constitute disabilities due to their temporary nature. [*See* ECF No. 9, PP. 3-4, citing *Veldran v. DeJoy*, 839 Fed.Appx. 577, 579 (2d. Cir. 2020) (summary order); *Francis v. Hartford Bd. of Ed.*, 760 Fed.Appx. 34, 36 (2d. Cir. 2019) (summary order)[3]; *Kocher v. Municipality of Kingston*, 400 F.Supp.3d 138 (M.D. Penn. 2019); *Kelly v.*

---

[3] The Court notes that both Second Circuit cases offered by Defendant are unpublished rulings by summary order, and therefore have no precedential effect.

5

*Woodridge Park District*, No. 97 C 5763, 1999 WL 203020 at *3 (N.D. Ill. Mar. 31, 1999); *Miller v. Airborne Express*, No. 3:98-CV-0217-R, 1999 WL 47242 at *4 (N.D. Texas Jan. 22, 1999)].

Plaintiff responds that her impairment is not analogous to those in Defendant's cited cases, because her injury is not temporary. Plaintiff notes that while she no longer needs to use a walker, she still suffers from ongoing substantial limitations to her ability to walk and stand. [ECF No. 10 at *4-5] At the motion to dismiss stage, before discovery has been completed, the Court must accept Plaintiff's allegations as true.[4] The Court finds that Plaintiff has alleged ongoing substantial impairment, and thus has sufficiently stated a claim for disability discrimination under the ADA.[5]

### IV. Conclusion

After careful consideration,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [ECF No. 8] is **DENIED**.

*/s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of October, 2023

---

[4] The Court notes that all of Defendant's cited cases were decided on summary judgment.

[5] Plaintiff's claim for retaliation under the ADA requires different elements to succeed. *See Lors v. Dean*, 746 F.3d 857, 867 (8th Cir. 2014) (internal quotation marks and citation omitted) (To establish a prima facie case of retaliation under the ADA, a plaintiff must establish "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events."). Defendant does not assert that Plaintiff failed to establish these elements, and so the Court finds Count II of Plaintiff's Complaint survives Defendant's Motion to Dismiss.